**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-7863

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TYREF MCNEAL, a/k/a Beans,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, Chief District Judge. (1:05-cr-00050-IMK; 1:06-cv-00139-IMK)

Submitted: March 21, 2007          Decided: June 6, 2007

Before WILLIAMS, KING, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Tyref McNeal, Appellant Pro Se. Zelda Elizabeth Wesley, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyref McNeal seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2000) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that McNeal has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

*Though we conclude McNeal may assert his claim of ineffective assistance of counsel in relation to his guilty plea despite his waiver of collateral review, we find he fails to qualify for a certificate of appealability as to that claim.